# IN THE SUPREME COURT OF IOWA

No. 92 / 06–1490

Filed August 15, 2008

Upon the Petition of
**JEREMY RHYAN**,

 Appellant,

and Concerning
**KELLIE PASCHKE**,

 Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

A mother seeks further review of court of appeals decision granting father primary physical care of minor child. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Jane Odland and Lee M. Walker of Walker & Billingsley, Newton, for appellant.

Alexander R. Rhoads of Babich, Goldman, Cashatt & Renzo, P.C., Des Moines, and Lora L. McCollom of Skinner, Nielsen & McCollom, P.L.C., West Des Moines, for appellee.

**PER CURIAM.**

This case came before the district court on the father's petition for a determination of paternity and custody. Because paternity was not disputed, the district court promptly adjudged the father, Jeremy Rhyan, to be the actual and legal father of the minor child, Olivia Paschke. The custody issue was, however, vigorously disputed. Rhyan requested joint legal custody with primary physical care awarded to him, while the mother, Kellie Paschke, sought sole legal custody of Olivia with only visitation to Rhyan. The district court, having heard the testimony and reviewed the file, applied the factors set forth in Iowa Code section 598.41(3) (2005) in determining the best interests of the child and awarded joint legal custody to both parties and primary physical care to Paschke with liberal visitation to Rhyan. In addition, the court rejected the father's request to change the child's surname to Rhyan.

The father appealed the district court's decision. We transferred the appeal to the Iowa Court of Appeals. A divided panel of that court reversed in part, affirmed in part, and remanded the case to the district court. *Rhyan v. Paschke,* No. 8–007 (Iowa Ct. App. May 14, 2008). While the panel was unanimous in its determination that joint physical care was not a viable option, the majority determined Rhyan should be awarded primary physical care and remanded the case for further proceedings consistent with that opinion.[1]

Like the district court, the court of appeals concluded both parents were suitable caretakers for Olivia. It noted the conclusion reached by a custody evaluator that "each of these parents is, by the vast majority of

---

[1]The panel was also unanimous in its opinion that the district court was correct in denying Rhyan's request to change Olivia's surname to Rhyan. Rhyan has not sought further review on this issue.

standards, truly exemplary in their parenting abilities." The problem lay in the parents' relationship with each other. Upon its de novo review of the record, the majority of the court of appeals concluded Paschke "significantly impeded Rhyan's relationship with his daughter." Specifically, it found Paschke's actions sought to control Rhyan's contact with the child through the placement of unwarranted conditions on visitation and that such actions were contrary to the best interests of the child. As a result, the majority concluded Paschke's actions warranted physical placement of Olivia with Rhyan.

We agree with the lower courts that joint physical care is not an option in this case. The record abounds with examples that support the conclusion the parents are unable to work together and communicate to the degree necessary to make joint physical care work. *See In re Marriage of Hynick,* 727 N.W.2d 575, 580 (Iowa 2007) ("The critical question in deciding whether joint physical care is . . . appropriate is whether the parties can communicate effectively on the myriad of issues that arise daily in the routine care of a child."). We disagree, however, with the court of appeals' reversal of the district court's award of primary physical care to Paschke. Upon our de novo review, we are persuaded that this case represents a "prime example of a close custody case where we should defer to the trial court's detailed fact-findings and credibility assessment." *Rhyan,* No. 8–007, at 15 (Vogel, J., dissenting). As succinctly stated by the dissent:

> As with so many custody disputes, there are two sides to every story and this record is replete with conflicting testimony from [Rhyan] and [Paschke] as to their rendition of various events. For every negative point the majority makes concerning [Paschke]'s behavior, a balancing explanation exists. The district court recognized this back-and-forth evidence and found that the parties' testimony "did little to aid the court in determining custody and visitation, other

than to highlight the continuing difficulties and distrust between the parties."

*Id.*

Moreover, we agree with the following observation:

> Both parents love Olivia, but have not learned how to work with each other in a mature fashion for the benefit of their daughter. The record demonstrates that each has contributed to the ongoing discord without one being assigned more responsibility for the conflict than the others.

*Id.* at 22.

The district court properly considered all the appropriate factors under Iowa Code section 598.41(3) when it made its custody determination. In applying these factors, the district court was guided in large part by its credibility assessments as explicitly stated in the ruling: "The court relies upon its own observations as well as the custody recommendation of [the licensed custody evaluator] in determining custody." Because the district court had the opportunity to observe the parties and witnesses and concluded that it was in Olivia's best interests to grant primary physical care to Paschke, we decline, on such a close case, to reverse that judgment. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007) (discussing that both parents were suitable, but the district court had the opportunity to observe the witnesses). Therefore, we vacate the decision of the court of appeals and affirm the district court's custody determination. Furthermore, under the facts of this case, we decline Paschke's request, made for the first time upon application for further review, to award appellate attorney fees.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Wiggins and Baker, JJ., who take no part.

This opinion shall not be published.